No. 20,991.

A. V. ROBERTS, *Appellee*, v. THE SOUTHERN SURETY COMPANY, *Appellant*.

SYLLABUS BY THE COURT.

ATTORNEY FEE—*Findings Conclusive*. The proceedings considered, and *held* that the controversy is closed by special findings of fact returned by the jury.

Appeal from Sedgwick district court, division No. 2; THORNTON W. SARGENT, judge. Opinion filed July 7, 1917. Affirmed.

*R. L. Holmes, Charles G. Yankey,* and *W. E. Holmes,* all of Wichita, for the appellant.

*J. N. Haymaker, A. V. Roberts,* and *W. D. Jochems,* all of Wichita, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one by an attorney for compensation for his services. The defense was that he had not been employed. The plaintiff recovered and the defendant appeals.

The plaintiff was a director of and attorney for the Stock Yards State Bank of Wichita. The cashier of the bank defaulted. The defendant was surety on the cashier's fidelity bond to the bank. The defendant sent agents to Wichita to negotiate with the plaintiff respecting the defendant's liability on its bond. The defendant finally denied liability with respect to all items except one of $3500, for which it was conceived the Merchants State Bank of Wichita was liable to the Stock Yards State Bank. If the Merchants State Bank could be made to pay, the defendant would not need to do so. The Stock Yards State Bank did not care to incur the trouble and expense of a suit against the Merchants State Bank because it held the defendant's bond. Consequently the defendant's agent authorized the plaintiff to bring suit against the Merchants State Bank for the defendant's benefit, but in the name of the Stock Yards State Bank. On the strength of this authorization the plaintiff instituted the suit and conducted it to final

judgment.   At the trial of the present action the defendant
denied authority of its agent to employ the plaintiff to bring
suit against the Merchants State Bank for the defendant's
benefit, but it so happened that shortly after the suit was com-
menced an agent, whose authority could not be denied, re-
quested the plaintiff in writing to institute the suit at once.
The jury found specially that the suit was brought at the re-
quest of and in the interest of the defendant, but in the name of
the Stock Yards State Bank, and that the plaintiff represented
the defendant as its attorney in that suit.

The controversy is closed by the special findings of the jury,
which were sustained by ample evidence.

The ghost of variance between pleading and proof rises from
the tomb to which variance was consigned by sections 134 and
135 of the civil code, and points its spectral finger at the un-
bridgeable chasm lying between compensation dependent on
contract express and compensation dependent on contract im-
plied.   The plaintiff pleaded that he was employed, and that
it was understood he was to be paid—enough to advise the
defendant what the suit was about.   Under this pleading he
was at liberty to prove any kind of contract.   If, however, an
express contract had been specifically pleaded, and an implied
contract had been proved, he could still recover.   After judg-
ment following a trial at which the variant issue has been
fairly determined, this court authorizes or treats as made
whatever amendments are necessary to make pleading and
proof conform.

The instructions relating to recovery when there has been
no express contract are criticized, the rule stated in 2 Mechem
on Agency, second edition, section 2230, being taken as a guide:

"The mere fact that the alleged client received the benefit of the
service is not enough to make him liable, but the service must have been
rendered on his account and at his express or implied request."   (p.
1807.)

The special findings bring the case within this statement of
the rule.   As a matter of fact, the instructions fairly presented
the law governing the subject, but if they were erroneous this
court could apply the correct doctrine to the facts found.

Other assignments of error are without substantial merit,
and the judgment of the district court is affirmed.